UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-01895 JVS (ANx) | Date | March 11, 2015 |
| Title | Mallory Hill v. Impac Mortgage Holdings, Inc., et al. | | |

Present: The Honorable    James V. Selna

| | |
|---|---|
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   **(IN CHAMBERS)**
**Order Granting Motion to Remand**
**Order Vacating Hearing**

      This action arises out of Plaintiff's employment with Defendants. After Defendants removed this action based on federal question jurisdiction, and before the Court considered the sufficiency of the original Complaint, Plaintiff filed a First Amended Complaint ("FAC") that eliminated the only federal claim. Plaintiff moves to remand (Docket No. 21) and Defendants move to dismiss the FAC (Docket No. 22). Timely Opposition and Reply Briefs were also filed. (Docket Nos. 23-25 & 28). As set forth below, the Court grants the Motion to Remand and vacates the hearing on the Motion to Remand and Motion to Dismiss.

      At the time the Complaint was removed, it set forth a claim pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 et seq. This was the sole federal claim asserted in the original Complaint, and the FAC eliminated that cause of action.

      Whether the Court has subject-matter jurisdiction is generally determined at the time of removal, and the Court is not divested of subject-matter jurisdiction where amendment eliminates the original basis for that jurisdiction. See Rockwell Int'l Corp. v. United States, 549 U.S. 457, 480 & n.6 (2007) (citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 346, 357 (1988)). However, in such a case, it is within the Court's discretion to decline to exercise jurisdiction. See 28 U.S.C. § 1367(c)(3) ("district court[] may decline to exercise supplemental jurisdiction over [such] claim[s] if . . . the district court has dismissed all claims over which it has original jurisdiction"); Cohill, 484 U.S.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

Case No.   SACV 14-01895 JVS (ANx)                                Date   March 11, 2015

Title   Mallory Hill v. Impac Mortgage Holdings, Inc., et al.

at 354-55.  It is upon this basis that Plaintiff persuades the Court that remand is warranted.  (See Motion at 4-5 (discussing Cohill).)

     In deciding whether to decline to exercise supplemental jurisdiction, the Court must consider "how declining jurisdiction serves the objectives of economy, convenience and fairness to the parties, and comity."  See Executive Software N. Am., Inc. v. United States Dist. Court, 24 F.3d 1545, 1557 (9th Cir. 1994).  Where all federal-law claims are dismissed before trial, the balance of these factors will often point toward declining to exercise supplemental jurisdiction.  See, e.g., Cohill, 484 U.S. at 350 n.7 ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."); Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000 (9th Cir. 1997) (en banc) (quoting this portion of Cohill); Horne v. Wells Fargo Bank, N.A., 969 F. Supp. 2d 1203, 1210 (C.D. Cal. 2013) (same).

     Here, the factors identified by the Supreme Court all weigh in favor of declining to exercise jurisdiction over the remaining state-law claims.

     Judicial economy is not served by the Court retaining jurisdiction.  The Court has not considered the sufficiency of the pleadings or devoted significant resources becoming familiar with the present action.  The Court has set hearing dates and a scheduling conference, but these have been vacated or will be vacated upon remand without any significant consideration of the issues presented.

     Convenience and fairness would not be enhanced by the Court retaining jurisdiction.  Although the parties have briefed the pending Motion to Dismiss, the substantive law applied by the courts are the same, and therefore the substantive arguments for dismissal may be presented in the state-court forum without alteration.  Although Defendants allude to forum shopping by Plaintiff, Plaintiff's actions in deciding to forego his federal claim in favor of a state-court forum is permissible, and because the litigation is in its infancy, there is no unfairness to Defendants.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

Case No.  SACV 14-01895 JVS (ANx)  Date  March 11, 2015

Title  Mallory Hill v. Impac Mortgage Holdings, Inc., et al.

     Significantly, interests of comity strongly favor remand.  Here, a local Plaintiff sues Defendants, including a local Defendant, asserting only state-law claims.  Although the presence of a federal claim (and the federal interest resulting therefrom) will often result in the adjudication of otherwise local disputes in federal courts, when the federal claim is eliminated at the pleadings stage, the countervailing federal interest is also eliminated, and interests of comity will strongly favor remand.

     Therefore, upon consideration of the relevant factors, the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims and remands the present action to Orange County Superior Court pursuant to 28 U.S.C. § 1367(c)(3).

     The Court finds that oral argument would not be helpful in this matter and therefore vacates the March 16, 2015 hearing.  Fed. R. Civ. P. 78; Local Rule 7-15.

     **IT IS SO ORDERED.**

.

:  00

Initials of Preparer   nkb